UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BINH THANH HUYNH, A# 071016095,

        Petitioner,

v.                                                                    Case No. 2:26cv361

JEFFREY CRAWFORD, *et al.*,

        Respondents.

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1. Respondents filed an Opposition to the Petition. ECF No. 7. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court filed the Petition on April 10, 2026. ECF No. 1. Petitioner Binh Thanh Huynh ("Petitioner") is a native and citizen of Vietnam who is currently detained pursuant to 8 U.S.C. § 1231 at Farmville Detention Facility pending his removal to Vietnam. ECF No. 7, attach. 1 at 2. Petitioner seeks release from detention or, alternatively, a fair bond hearing. ECF No. 1 at 8. On June 2, 2026, Petitioner was removed from the United States. ECF No. 8 at 2; *see* ECF No. 8, attach. 1 at 2.

Petitioner was admitted to the United States on January 24, 1990, by Customs and Border Protection ("CBP") in San Francisco, CA. ECF No. 7, attach. 1 at 2. Petitioner was admitted as

a refugee and gained legal permanent resident status shortly after. *Id.* On August 20, 1993, the Hartford Police Department in Hartford, Connecticut arrested Petitioner for possession of narcotics in violation of Connecticut General Statutes § 21a-279 and possession of a stolen firearm in violation of Connecticut General Statutes § 53a-212. *Id.* On December 23, 1993, the Hartford Circuit Court convicted Petitioner of both offenses and sentenced him to two years of confinement. *Id.* On February 18, 1997, an Immigration Judge ordered Petitioner removed from the United States in absentia. *Id.* at 3.

On August 16, 2003, the Greensboro Police Department in Greensboro, North Carolina arrested Petitioner for felony fleeing to elude arrest in violation of North Carolina General Statutes § 20-141.5(b). *Id.* On June 30, 2008, the Lee County Sheriff's Office in North Carolina arrested Petitioner for financial identity fraud in violation of North Carolina General Statutes § 14-113.20. *Id.*

On August 12, 2008, Enforcement and Removal Operations ("ERO") Atlanta arrested Petitioner, served him with a Form I-205 Warrant of Removal, and placed him in U.S. Immigration and Customs Enforcement ("ICE") detention. *Id.* On December 23, 2008, ERO Atlanta released Petitioner under an Order of Supervision ("OSUP") because removal plans to Vietnam had not been made. *Id.*

On February 11, 2010, the Danville Police Department in Danville, Virginia arrested Petitioner on five counts of grand larceny by bad check in violation of Virginia Code § 18.2-181. *Id.* On August 30, 2010, the Danville Circuit Court convicted Petitioner of the offenses and sentenced him to one year of confinement. *Id.*

On March 16, 2010, the Greensboro Police Department arrested Petitioner for misdemeanor larceny in violation of North Carolina General Statutes § 14-72(a). *Id.* On April 15,

2010, the Guilford County District Court convicted Petitioner and sentenced him to thirty days of confinement. *Id.*

On February 19, 2020, the Danville Police Department arrested Petitioner for shoplifting in violation of Virginia Code § 18.2-103. *Id.* On that same date, the Danville General District Court convicted Petitioner of the offense and sentenced him to ninety days of confinement. *Id.*

On July 18, 2025, the Bedford Police Department in Bedford, Virginia arrested Petitioner for felony disregarding signal or eluding law enforcement in violation of Virginia Code § 46.2-817. *Id.* at 4. The disposition for this charge remains pending. *Id.*

On August 30, 2025, the Bedford County Sheriff's Office arrested Petitioner for failure to appear in violation of Virginia Code § 19.2-128. *Id.* On September 5, 2025, the Bedford General District Court convicted Petitioner of that offense and sentenced him to five days of confinement. *Id.*

Also on September 5, 2025, ERO Roanoke lodged a Form I-247 immigration detainer with the Bedford County Sheriff's Office. *Id.* On September 6, 2025, Petitioner was served with notice that his OSUP had been revoked. *Id.* On September 8, 2025, ICE assumed custody of Petitioner upon his release from local custody and detained him pursuant to his final order of removal. *Id.*

On September 17, 2025, supporting documentation for Petitioner's application for a travel document was forwarded to Vietnam Removal and International Operations at ICE Headquarters, and, according to Respondents, "efforts continued to perfect the request." *Id.* On December 4, 2025, ERO conducted a Post-Order Custody Review ("POCR") and determined that Petitioner posed a threat to public safety based on his criminal history and would remain detained pending removal. *Id.* On February 5, 2026, Petitioner declined to participate in a 180-day POCR interview. *Id.*

3

Petitioner filed his Petition in this Court on April 10, 2026, alleging that he has been detained since September 8, 2025, and that the last update he received from an ICE Officer regarding the status of his removal was that ICE's request for travel documentation has been pending for more than two months. ECF No. 1 at 7. Petitioner alleges that ICE does not know when to expect a response for the foreseeable future and that, accordingly, he should be released from custody or ordered to appear before an Immigration Judge for a bond hearing. *Id.* at 7–8.

On April 17, 2026, after amendments and translation were completed, Vietnam Removal and International Operations forwarded Petitioner's finalized travel document request to the Government of Vietnam for processing. ECF No. 7, attach. 1 at 4. On May 6, 2026, Petitioner was issued a Vietnamese travel document. *Id.* at 5.

Respondents filed an Opposition to the Petition on May 21, 2026. ECF No. 7. Respondents argue that Petitioner has not met his burden to show that his removal is not reasonably foreseeable and that his removal is scheduled to occur within two weeks of the Opposition's filing. *Id.* at 1. Petitioner has not filed a reply to Respondents' Opposition.

On June 4, 2026, Respondents filed a Suggestion of Mootness, stating that ICE removed Petitioner to Vietnam on June 2, 2026, and offering as support the Warrant of Removal/Deportation that was executed by ICE on June 2, 2026. ECF No. 8 at 2; ECF No. 8, attach. 1. Petitioner has not been in ICE custody since his removal from the United States. ECF No. 8 at 2.

## II. DISCUSSION

The issues in the instant Petition are moot as there remains no case or controversy due to Petitioner's removal from the United States. Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art.

III, § 2, cl. 1. The requirement of ongoing controversy extends throughout the pendency of the action. *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A case can also become moot due to a change in the facts or in the law. *See id.* (citing *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)).

Here, the Petition is moot due to a change in the facts. Petitioner sought release from detention and, as previously stated, Petitioner was released and removed from the United States on June 2, 2026. Because Petitioner's removal extinguishes any live controversy regarding the legality of his detention, the claim in his Petition has been rendered moot.

Nor does any exception to the mootness doctrine apply. There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences; and (2) matters 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237). Neither of these exceptions apply to Petitioner's claim because the Petitioner was released from detention on June 2, 2026, and removed from the United States. Having received the only relief Petitioner sought and which is available to him—release from detention—his Petition is moot. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (explaining a claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim" because there is "no [longer] effective relief available in federal court"). Petitioner has no additional claim for relief because he only challenged his pre-removal detention, not the basis for removal itself. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that because the movant only challenged the length of his sentence, his release also rendered the

5

motion moot, as no "collateral consequences" of his conviction existed). Thus, the "collateral consequences" exception cannot save the Petition.

Additionally, the narrow "capable of repetition, yet evading review" exception likewise does not save the Petition, as it requires a reasonable expectation that the same complaining party will be subjected to the same action again. *See Leonard*, 804 F.2d at 842 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Because Petitioner has been removed to Vietnam pursuant to a final order of removal, there is no reasonable basis to conclude that he will again be detained by immigration authorities under the same circumstances.

Because neither of the mootness doctrine exceptions apply, and the cancellation of his removal order fails as a matter of law, the Petition is moot and must be dismissed for lack of subject matter jurisdiction.

## III. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as moot.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner at his last known address on record.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 18, 2026

7